IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TUT MAYAL TUT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:24-cv-01152 |
| | ) | |
| BRANDON WATWOOD, WARDEN | ) | JUDGE RICHARDSON |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Petitioner, an inmate at the Northwest Correctional Complex (NWCX) in Tipton, Tennessee, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1, "Petition"), which raises multiple alleged grounds for relief. Petitioner has paid the filing fee. (Doc. No. 7).

Upon initial review of the petition, the Court directed Respondent, the Warden of NWCX, to file the state-court record and to respond to Petitioner's claims. (Doc. No. 9). Respondent filed a motion to dismiss the Petition as untimely (Doc. No. 15, "Motion to Dismiss") and a memorandum in support of that motion (Doc. No. 16), which attached various aspects of the state-court record (Doc. Nos. 16-1, 16-2, 16-3, and 16-4, collectively, "Exhibits") that—according to him—relate to the timeliness (or lack thereof) of the Petition. Respondent also filed a "Motion to Waive Filing of Complete State-Court Record" (Doc. No. 17, "Motion for Partial Waiver"), wherein he essentially: (i) represents that the Exhibits are the only part of the state-court record that are relevant to evaluating the timeliness of the Petition (which is to say, the only parts of the state-court record necessary to evaluate the Motion to Dismiss); and (ii) requests that he be

permitted to forego filing any other portion of the state-court record until the Motion to Dismiss is decided by the Court, subject to being required to file the complete state-court record if and when either the Motion to Dismiss is denied or the Court decides for some other reason that such filing is necessary. That request is based on Petitioner's assertion that granting it would promote (i) judicial economy; and (ii) the privacy interests of the victims of the offense of conviction, who (according to Respondent) were minors at that time of the offense.

Petitioner has filed a response (Doc. No. 18) in opposition to the Motion to Dismiss and a response (Doc. No. 19) in opposition to the Motion for Partial Waiver. He also has filed a letter (Doc. No. 20, "Petitioner's Motion") effectively constituting a motion to ascertain whether the Court has received these two responses. Petitioner's Motion (Doc. No. 20) is **GRANTED**, in that the undersigned can confirm that these two responses have each been received, are on the docket in this case, and have been (Doc. No. 19) or will be (Doc. No. 20) considered by the Court in resolving Respondent's two motions.[1]

The Motion for Partial Waiver has presumptive merit and appeal, inasmuch as granting it could preserve resources (of this Court and perhaps state judicial or executive employees) and keep all concerned focused on a threshold issue in this case, i.e., whether the Petition was filed in a timely manner or whether instead it must be dismissed as untimely. In response to the Motion for Waiver, Petitioner does three main things.

First, he makes a compelling argument for why the privacy interests of the victims (whom Petitioner disputes, and not without reason, were minors at the time of the commission of the offenses) do not justify forgoing prompt filing of the compete state-court record. (Doc. No. 19 at

---

[1] In his letter, Petitioner also requests that "[i]f possible, I humbly request notification from hereon forward whenever my filings have been received by this court. (Doc. No. 20 at 1). This request is denied, as this Court's very busy Clerk's Office does not include this sort of service among its enormous workload.

2-3). The Court agrees and concludes that in this case, it is solely the interests of judicial economy (and otherwise saving public resources) that militate in support of forgoing prompt filing of the state-court record. Second, Petitioner identifies various items that, in his view, certainly are relevant to resolution of the pending Motion to Dismiss. They include:

> (1) The original Uniform Judgment Documents entered April 12, 2013, imposing the sentences in Counts 1-8; (2) The Amended/Corrected judgment documents in Counts 5-8, April 20, 2022, and imposing the "Multiple Rapist" enhancement; (3) The Guilty Plea Acceptance Document; and, (4) The Guilty Plea Hearing Transcript held on April 12, 2013.

(*Id.* at 4). They also include the (several) exhibits to "the pro se petition for State Writ of Habeas Corpus filed on September 29, 2021" and "Petitioner's second pro se petition for 3Post-Conviction Relief." Absent any reply by Respondent on this point (as Respondent filed no reply in support of the Motion for Partial waiver), the Court will grant Petitioner's request that at the very least, all of these particular items be filed by Respondent.

> Finally, Petitioner asserts:
>
> [T]he issue of timeliness is so intertwined with the merits of the habeas corpus case that it is impossible to resolve the timeliness issue without first, resolving the predicate question which directly substantiates the merits of the claim itself.

(*Id.* at 5). However, the Court does not find that Petitioner has substantiated his assertion that the Court cannot resolve Respondent's claim of untimeliness without resolving the merits of Petitioner's substantive claims, and the Court does not independently perceive why that assertion would be valid. Thus, the Court does not find that everything that is necessary to resolve the merits of Petitioner's substantive claim—meaning, presumptively, the complete state-court record—is necessary to resolve the Motion to Dismiss. The Court therefore declines to require Respondent to file the complete state-court record at this time.

Accordingly, the Motion for partial waiver (Doc. No. 17) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **denied** in that Petitioner shall file (within 30 days hereof) the particular items specified by Petitioner (or explain why he cannot file them, as for example if he believes that they do not exist or are inadequately identified by Petitioner). But it is **granted** in that at least for now, pending further order of the Court, Respondent shall not be required to filed any other portions of the state-court record.

The Motion to Dismiss will be decided in due course.

IT IS SO ORDERED.


_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE