IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TUT MAYAL TUT, # 520542, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-01152 |
| | ) | |
| HENRY HOLIDAY, *warden*, | ) | Judge Richardson |
| | ) | |
| Respondent.[1] | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Tut Mayal Tut filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his custody pursuant to convictions in Davidson County (Tennessee) Criminal Court on two counts of especially aggravated robbery, two counts of especially aggravated kidnapping, and four counts of aggravated rape. (Doc. No. 1, "Petition"). Respondent has moved to dismiss the Petition as untimely under 28 U.S.C. § 2244(d). (Doc. No. 15). As explained below, the Motion to Dismiss will be granted.

## I. Procedural and Factual Background

Petitioner pled guilty to two counts of especially aggravated kidnapping, two counts of especially aggravated robbery, and four counts of aggravated rape. *Tut v. Genovese*, W2021-01290-CCA-R3-HC, 2022 WL 1077314, at *1 (Tenn. Crim. App. Apr. 11, 2022) ("*Tut II*"). In accordance with the plea agreement, the trial court sentenced Petitioner to a 30-year effective

[1] [1] Henry Holiday is now Warden at Northwest Correctional Complex, where Petitioner is incarcerated. As Petitioner's physical custodian, Warden Holiday is the proper Respondent in this action.

sentence.[2] *Id.* at *2. The trial court entered judgment on April 12, 2013. (Doc. No. 23-1 at 13−20). The judgment reflected that Petitioner was sentenced as a "Violent" offender requiring the sentence to be served at 100%. (*Id.*) The judgment did not reflect that Petitioner was sentenced as a "Multiple Rapist." (*Id.*)

In March 2014, Petitioner filed a state post-conviction petition. (Doc. No. 16-1). The state trial court denied relief. (Doc. No. 16-2). On appeal, the Tennessee Court of Criminal Appeals affirmed, and the Tennessee Supreme Court denied permission to appeal. *Tut v. State*, No. M2016-01673-CCA-R3-PC, 2017 WL 3475532 (Tenn. Crim. App. Aug. 14, 2017) *perm app. denied* (Tenn. Dec. 6, 2017) ("*Tut I*").

In September 2021, Petitioner filed a state habeas corpus petition in the Lake County (Tennessee) Circuit Court (where, presumably, he was then incarcerated). (*See* Doc. No. 16-3 at 1). The trial court denied relief but transferred the case to Davidson County Criminal Court to issue a corrected judgment reflecting that Petitioner was sentenced as a "Multiple Rapist." (*Id.* at 1−2). The Tennessee Court of Criminal Appeals affirmed and ordered the trial court to remand the case to the Davidson County Criminal Court to enter a corrected judgment. *Tut II*, 2022 WL 1077314, at *3. The corrected judgment was entered on April 20, 2022. (Doc. No. 23-1 at 44−49).

On March 6, 2023, Petitioner filed a new state post-conviction petition. (Doc. No. 23-1 at 50). The trial court summarily dismissed the petition, concluding that the issues raised in the petition had been previously litigated. *See Tut v. State*, No. M2023-01069-CCA-R3-PC, 2024 WL 752961, at *2 (Tenn. Crim. App. Feb. 23, 2024) ("*Tut III*"). The Tennessee Court of Criminal Appeals affirmed, holding that the issues raised in the petition had been previously litigated and

[2] More precisely, the trial court sentenced Petitioner to 15-year prison terms on each count and ordered "Counts 1, 3, 5, [and] 6" to run "conc[urrently] w[ith] each other," and "Counts 2, 4, 7, [and] 8" to run "conc[urrently] w[ith] each other but consec[utive] to the other group." (Doc. No. 23-1 at 13).

that the petition was barred by Tennessee Code § 40-30-102(c), which prohibits the filing of multiple post-conviction petitions. *Id.* at *3 (citing Tenn. Code § 40-30-102(c) ("In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment.")). The Tennessee Supreme Court denied Petitioner's application to appeal on July 18, 2024. (*See* Doc. No. 18 at 6).

On September 19, 2024, Petitioner filed the Petition to initiate the instant habeas proceedings. (Doc. No. 1 at 15). Respondent moved to dismiss the Petition as untimely. (Doc. No. 15). The motion to dismiss is fully briefed and ripe for resolution.

## II. Applicable Law

Because Petitioner is in custody pursuant to the judgment of a state court, his petition for writ of habeas corpus is subject to the statute of limitations set forth in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. Analysis

The parties disagree about when Petitioner's criminal conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). Respondent argues that Petitioner's April 2013 judgment is the operative judgment for purposes of Section 2244(d)(1)(A). (*See* Doc. No. 16 at 4–8). Petitioner argues that the corrected judgment entered on April 20, 2022, constitutes a "new" judgment, thus becoming the operative judgment and restarting the limitation period. (Doc. No. 18 at 5–13). However, the Court need not decide this disputed issue, because the Petition is untimely even if the April 2022 judgment is the operative one for Section 2244(d)(1)(A) purposes.

Assuming without deciding that the April 2022 judgment is the operative one, and assuming without deciding that Petitioner had the right to appeal that judgment under state law, his conviction became final on May 20, 2022. *See* Tenn. R. App. P. 4(a) (notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from"); *Gonzalez v. Thaler*, 565 U.S. 134, 653–54 (2012) (for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). He filed his Petition in this Court more than 365 days later, on September 19, 2024. (Doc. No. 1). Accordingly, his Petition is timely only if the limitation period was tolled due to a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Petitioner argues that his state post-conviction petition filed in March 2023 constitutes a "properly filed application" for state post-conviction review, thus tolling the limitation period. (Doc. No. 25 at 4–6).

"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)

(emphasis omitted). The state court's "determination of whether [a] post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2)." *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

Where state procedural rules "flatly forbid[]" the filing of a second or successive post-conviction petition, such petitions are not "'properly filed' for tolling purposes under § 2244(d)(2)." *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012).[3] A Tennessee statute provides that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Tenn. Code § 40-30-102(c).

Here, the Tennessee Court of Criminal Appeals determined that Petitioner's March 2023 post-conviction petition was "petitioner's second post-conviction petition" and held that "the trial court was required to summarily dismiss this second petition for post-conviction relief" based on Tennessee Code § 40-30-102(c). *Tut v. State*, No. M2023-01069-CCA-R3-PC, 2024 WL 752961, at *2 (Tenn. Crim. App. Feb. 23, 2024). Petitioner argues that this determination was incorrect as a matter of state law. (Doc. No. 25 at 5−6) ("The Petitioner contends that based upon the above cited authorities and opinions of the Tennessee Court of Criminal Appeals, the PCR petition filed by the Petitioner on March 6, 2023, was not a second PCR petition, but the first such petition challenging the new amended judgment." (emphasis and brackets omitted). However, it is not this Court's role to second-guess a state court's application of state law. *Vroman*, 346 F.3d at 603.

[3] *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), which Respondent cites in a supplemental memorandum (Doc. No. 26 at 2−3), does not directly apply to this case. In *Palmer*, a Tennessee court dismissed the petitioner's state post-conviction petition "because its underlying claims had been previously determined or waived when not raised in his first post-conviction petition." *Id.* at 779; *see Palmer v. State*, No. 03C01-9608-CR-00311, 1997 WL 414981 (Tenn. Crim. App. July 25, 1997). This procedural bar, codified at Tennessee Code § 40-30-106(g), is distinct from (though related to) the prohibition on second and subsequent petitions codified at Tennessee Code § 40-30-102(c). The Sixth Circuit has questioned whether the "properly filed" determination in *Palmer* is (or ever was) controlling law. *See Williams*, 670 F.3d at 735 (calling *Palmer* into doubt and noting that the "properly filed" determination in *Palmer* was not necessary to the holding in that case). On this question, the Court need not opine herein.

Instead, this Court must accept the state court's determination that the March 2023 post-conviction petition was a second petition barred by Tennessee Code § 40-30-102(c), which compels the conclusion that the March 2023 post-conviction petition was not "properly filed" for tolling purposes under Section 2244(d). *Williams*, 670 F.3d at 733.

Because Petitioner's March 2023 state post-conviction petition was not properly filed as required for Section 2244(d) purposes, the limitation period ran continuously from May 20, 2022, at the latest, until it expired on May 20, 2023. Petitioner's Section 2254 Petition, filed on September 19, 2024, is therefore untimely. Accordingly, Respondent's Motion to Dismiss (Doc. No. 15) will be granted, and this action will be dismissed.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas corpus petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a petition is dismissed on procedural grounds, a certificate of appealability may issue only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The district court must either issue a COA indicating which issues satisfy the

required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Here, jurists of reason would not disagree that the Petition is untimely under 28 U.S.C. § 2244(d). Accordingly, a certificate of appealability will not be granted in this Court. Petitioner may seek a certificate of appealability in the Sixth Circuit.

## V. Conclusion

Respondent's Motion to Dismiss (Doc. No. 15) is **GRANTED**. This action is **DISMISSED**. No certificate of appealability shall issue.

The Clerk is **DIRECTED** to substitute Warden Henry Holiday as the Respondent in this action and terminate Warden Watwood as a Respondent.

This is the final order in this case, and it denies all relief. Judgment shall be entered pursuant to Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE